**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ACK FOR WHALES, INC., et al.,<br><br>      *Plaintiffs*,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, et al.,<br><br>      *Defendants*,<br><br>    and<br><br>AVANGRID POWER, LLC, et al.,<br><br>      *Defendant-Intervenors*. | Case No. 1:25-cv-1678-AHA |

**MOTION OF THE COMMONWEALTH OF MASSACHUSETTS**
**TO PARTICIPATE IN HEARING AS AMICUS CURIAE**

The Commonwealth of Massachusetts, as amicus curiae, respectfully requests the Court's permission to participate at the hearing scheduled for April 23, 2026, on the motion for a voluntary remand and stay filed by Defendants United States Department of Commerce, et al., ECF No. 18. Massachusetts requests five minutes of argument time. Plaintiffs Ack for Whales, et al., and Defendants take no position on the request. Defendant-Intervenors Avangrid Power, LLC, et al., consent to the request.

Pursuant to Local Rule 7(o)(6), an "amicus curiae may participate in oral argument only with the court's permission." Courts in this District permit amici curiae to participate in oral argument when they have "relevant expertise and a stated concern for the issues at stake," and "the Court finds that it may benefit from their input" on the questions presented. *District of Columbia*

*v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also, e.g.*, *N.Y. Times Co. v. Dep't of Defense*, --- F. Supp. 3d ----, No. 25-cv-04218 (PLF), 2026 WL 788689, at *3 n.3 (D.D.C. Mar. 20, 2026) (noting that "counsel for . . . amicus curiae [participated] at oral argument"); *NACS v. Bd. of Governors of Fed. Reserve Sys.*, 958 F. Supp. 2d 85, 97 (D.D.C. 2013) (noting that the court "heard oral argument from the parties as well as . . . amici"); *cf.* Sup. Ct. R. 28(7) ("[C]ounsel for an amicus curiae . . . may argue orally on the side of a party, with the consent of that party.").

As discussed in its amicus brief, Massachusetts has a serious stake in the outcome of this litigation concerning the fate of the New England Wind 1 Project (Project). ECF No. 22 at 1–2. Massachusetts is counting on the Project to deliver 791 megawatts of electricity to its grid in the coming years. That clean energy generation—enough to power at least 300,000 homes—is necessary for Massachusetts to, among other things, fulfill its sovereign obligation to provide affordable, reliable energy to its citizens; to realize returns on its substantial investments in wind-energy infrastructure; to meet its statutory climate and clean-energy goals; and to protect its residents and natural resources from harms caused by the pollution emitted by fossil fuels.

Massachusetts, in other words, is in a position to help the Court understand the importance of the Project's viability for the public entities that have planned for and the people who expect to use the power the Project generates. Massachusetts's perspective is thus material to the Court's understanding of the reasons militating against a remand of the Project's Construction and Operations Plan, especially as energy demand and prices in the state continue to rise, and substitutes for the Project's affordable energy generation are nonexistent.

For the foregoing reasons, Massachusetts respectfully requests that the Court grant its motion to participate in the April 23, 2026, hearing on Defendants' motion for a voluntary remand and stay.

Dated: April 21, 2026

Respectfully Submitted,

THE COMMONWEALTH OF
MASSACHUSETTS

By and through its attorneys,

ANDREA JOY CAMPBELL
Attorney General of the Commonwealth of
Massachusetts

*/s/ Jon Whitney*
Jon Whitney
Special Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200
Jon.Whitney@mass.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Jon Whitney, hereby certify that I have this day, April 21, 2026, served the foregoing document upon all parties of record by electronically filing to all ECF-registered parties.

<u>/s/ *Jon Whitney*</u>
Jon Whitney
Special Assistant Attorney General
Commonwealth of Massachusetts