**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ACK FOR WHALES, Inc., *et al.*,<br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br>　　　　　Defendants,<br><br>　　　　　and<br><br>AVANGRID POWER, LLC, *et al.*<br>　　　　　Defendant-Intervenors. | Case No. 1:25-cv-01678-AHA<br><br>Honorable Amir H. Ali |

**JOINT STATUS REPORT ON PROPOSED BRIEFING SCHEDULE**

In accordance with the Court's April 24, 2026 Minute Order directing the parties to "file a joint status report proposing a schedule for production of the administrative record and briefing on cross-motions for summary judgment" by April 30, 2026, the parties met and conferred regarding a schedule for production of the administrative record and summary judgment briefing in this case. The Parties have agreed and hereby stipulate, and request that the Court approve, that Federal Defendants need not file answers to Plaintiffs' Complaint, ECF No. 1, or Defendant-Intervenors' Crossclaim, ECF No. 19. This agreement is procedural only and does not affect any party's claims or defenses.[1] Moreover, the proposed schedule is without prejudice to the Court's April 24, 2026

---

[1] *See, e.g., N. New Mexicans Protecting Land Water & Rts. v. United States*, No. CV 15–0559 JB/LF, 2015 WL 8329509, at *5 (D.N.M. Dec. 4, 2015) ("The Court agreed with the Defendants that, in pure APA cases, the Defendants need not file an answer pursuant to the Federal Rules of Civil Procedure.") (applying 10th Circuit law). The D.C. Local Rules do not contain an exception eliminating the need to file an answer in APA cases (*compare* D. Utah Local Civil Rule 7-4(b)(3)(A), D. Wyo. Local Civil Rule 83.6(a)(4)), but they encourage the parties by stipulation to streamline litigation in a variety of ways (see LCvR 16.3 (c)(1), (6), (7), (11), (12)), including the catch-all provision in LCvR 16.3 (c)(16), which encourages the parties to discuss "[s]uch other matters that the parties believe may be appropriate for inclusion in a scheduling order."

1

Minute Order holding Federal Defendants' motion to remand in abeyance, and to any party seeking modification of the schedule upon a showing of good cause.

**Resolution of Plaintiffs' claims**

The Parties jointly propose the following deadlines for resolving Plaintiffs' claims:

**August 3, 2026** – Federal Defendants serve the administrative record on the other parties and file the administrative record index pursuant to Local Rule 7(n).

**August 17, 2026** – Plaintiffs and Defendant-Intervenors may file any motion to complete or supplement the administrative record. Responses to any motion(s) to complete or supplement the administrative record shall be filed on or before **August 31, 2026**. Replies in support of any motion(s) to complete or supplement the administrative record shall be filed on or before **September 7, 2026**.

If no such motion to complete or supplement the administrative record is filed, briefing shall be as follows:

- **September 14, 2026** – Plaintiffs will file a motion for summary judgment.

- **October 20, 2026** – Federal Defendants will file their combined brief responding to Plaintiffs' motion for summary judgment and cross-moving for summary judgment.

- **November 3, 2026** – Defendant-Intervenors will file a combined brief opposing motion(s) for summary judgment and cross-moving for summary judgment.

- **December 1, 2026** – Plaintiffs will file a combined opposition to the cross-motion(s) for summary judgment and reply brief in support of their summary judgment motion.

- **December 22, 2026** – Federal Defendants will file a reply brief in support of their summary judgment motion.

- **January 12, 2027** – Defendant-Intervenors will file a reply brief in support of their summary judgment motion.

- **January 26, 2027** – The Parties will provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in the Parties' summary judgment briefs.

The parties could not agree on the procedure to be followed in the event Plaintiffs or Defendant-Intervenors file a motion concerning the scope or contents of the administrative record.

Federal Defendants' and Plaintiffs' position: within seven days after the Court resolves the administrative record motion(s) the parties shall confer and submit a revised proposed schedule for summary judgment to the Court. Plaintiffs and Federal Defendants believe that it is inappropriate to set briefing deadlines when the contents of the administrative record are not fully known, potentially requiring the filing of revised or redacted briefs and thereby causing unnecessary confusion. Plaintiffs and Federal Defendants also believe that the briefing schedule proposed by Defendant-Intervenors is unrealistically tight for a case of this magnitude and complexity.

Defendant-Intervenors' position: In light of the delays to date and continuing prejudice to Defendant-Intervenors of an extended briefing schedule, and in order to encourage cooperation in compiling a complete administrative record to potentially avoid the need for motion practice regarding the administrative record, if Plaintiffs or Defendant-Intervenors file a motion concerning the scope of contents or scope of the administrative record, then the following schedule for summary judgment shall be followed. Defendant-Intervenors believe that Plaintiffs' and Federal Defendants' position is speculative given that the proposed schedule provides 28 days for resolution of any potential administrative record issues after the completion of briefing on any such motion. Defendant-Intervenors further believe that three and a half months is a generous briefing schedule in light of continuing prejudice caused by delays in this case. April 23, 2026 Hearing Tr. 25:3-9 (party concerns regarding being "prejudiced by delay in getting to the merits"); 27:2-9) (same); 28:8-13 ("I also understand that the defendant intervenors are concerned about delay, and I think those concerns need to be heeded in that discussion as well"):

- **October 5, 2026** – Plaintiffs will file a motion for summary judgment.

- **November 2, 2026** – Federal Defendants will file their combined briefs responding to Plaintiffs' motion for summary judgment and cross-moving for summary judgment.

- **November 16, 2026** – Defendant-Intervenors will file a combined brief opposing motion(s) for summary judgment and cross-moving for summary judgment.

- **December 7, 2026** – Plaintiffs will file a combined opposition to the cross-motion(s) for summary judgment and reply brief in support of their summary judgment motion.

- **December 28, 2026** – Federal Defendants will file a reply brief in support of their summary judgment motions.

- **January 11, 2027** – Defendant-Intervenors will file a reply brief in support of their summary judgment motions.

- **January 25, 2027** – The Parties will provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in the Parties' summary judgment briefs.

**Resolution of Defendant-Intervenors' cross-claims:**

Federal Defendants intend to file a motion to dismiss Defendant-Intervenors' cross-claims on or before **June 12, 2026**. The Defendant-Intervenors state that such a motion to dismiss is no longer timely and reserve all defenses. In the event Federal Defendants file such a motion, Defendant-Intervenors will have four weeks to file their opposition and Federal Defendants will have two weeks to file their reply. The Parties shall submit a schedule for resolution of any of Defendants-Intervenors' remaining claims seven days after the Court rules on Federal Defendants' motion to dismiss, if necessary.

April 30, 2026

Respectfully submitted,

*/s/ Thomas Stavola*
Thomas Stavola Jr. Esq.
NJ Bar ID number: 380012022
Law Office of Thomas Stavola Jr. LLC
209 County Road 537
Colts Neck, NJ 07722
tstavolajr@stavolalaw.com
732-539-7244
Counsel for Plaintiffs

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Peter Kryn Dykeman*
PETER KRYN DYKEMA
Senior Trial Attorney
Natural Resources Section
(202) 532 3086
Peter.dykema@usdoj.gov
BONNIE M. BALLARD
Trial Attorney
Wildlife & Marine Resources Section
(202) 532 5567
Bonnie.ballard@usdoj.gov

*Counsel for Federal Defendants*

*/s/ Janice M. Schneider*
Janice M. Schneider (D.C. Bar No. 472037)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: janice.schneider@lw.com

*Counsel for Defendant-Intervenors Avangrid Power, LLC, Park City Wind LLC, and Commonwealth Wind, LLC*

5