**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| ACK FOR WHALES, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Case No.: 1:25-cv-01678-AHA |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | Honorable Amir H. Ali |
| Federal Defendants, | |
| and | |
| AVANGRID POWER, LLC, *et al.*, | |
| Defendant-Intervenors. | |

**STIPULATED LIMITED PROTECTIVE ORDER**

1.      This Protective Order will govern (i) the production of Confidential Records, as defined in this Order, by the U.S. Department of the Interior, U.S. Bureau of Ocean Energy Management, and the National Marine Fisheries Service ("Federal Defendants") and (ii) the review of such Confidential Records by counsel for Plaintiffs and Avangrid Power, LLC, Park City Wind LLC, and Commonwealth Wind, LLC ("Defendant-Intervenors").  The purpose of this Protective Order is to: 1) protect information regarding the location, character, or ownership of historic properties from public disclosure pursuant to Section 304 of the National Historic Preservation Act, 54 U.S.C. § 307103; 2) protect Defendant Intervenors' Confidential Business Information from disclosure; and 3) allow Plaintiffs' and Defendant-Intervenors' counsel access to Confidential Records with appropriate protection of such Records so that Plaintiffs' and Defendant-Intervenors' counsel may determine whether they wish to file  any Confidential Records in support of their merits briefing.  This Protective Order expressly does not allow any Party to file Confidential

1

Records publicly or otherwise disclose Confidential Records, except as provided in paragraph 8 below.

2.      For the purposes of this Protective Order, the term "Confidential Record" means any record containing either (i) Confidential Business Information, the release of which would cause competitive harm to Defendant-Intervenors (or any one of them individually), or (ii) information that is protected from disclosure by applicable law, including but not limited to the Trade Secrets Act, 18 U.S.C. § 1905, the Freedom of Information Act, 5 U.S.C. § 552, the Energy Policy Act of 2005, 42 U.S.C. § 13201 et seq., the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq., BOEM regulations, 30 C.F.R. § 585.114, and the National Historic Preservation Act, 54 U.S.C. § 307103.

3.      Federal Defendants shall make the administrative records in this case available via secure website and electronically stamp "CONFIDENTIAL" on each page of each Confidential Record.  Any materials not so marked or identified shall not be treated as Confidential Records, notwithstanding any other provision of this Protective Order, provided, however, that if Federal Defendants or Defendant-Intervenors identify materials that should have been designated Confidential Records, consistent with the definition in paragraph 2, Federal Defendants may update the materials with the Confidential Record designation and inform the Parties.  Each Federal Defendant will produce the portions of each administrative record that are designated as Confidential Records to Plaintiffs and Defendant-Intervenors in a separate folder or subfolder that is identified in the folder or subfolder title as containing "CONFIDENTIAL."

4.      The Parties agree to store the Confidential Records securely and to ensure that appropriate measures are taken to protect against the unauthorized or unintended access to, use, or disclosure of the Confidential Records.  The Parties agree that Confidential Records will not be used for any purpose other than (i) the conduct of this litigation or (ii) the normal regulatory

activities by Federal Defendants.

5.      Except as set forth herein and subject to applicable law and for purposes of this litigation only, counsel for Plaintiffs and Defendant-Intervenors shall review the Confidential Records to determine and identify which such records either Party intends to cite in their briefs or at oral argument in this action.

6.      If Plaintiffs identify any such records that they intend to cite, Plaintiffs will confer with Federal Defendants and Defendant-Intervenors.  Depending on the nature of the Confidential Records, Federal Defendants or Defendant-Intervenors may provide a version of any such Confidential Record with confidential information redacted.

7.      If Defendant-Intervenors identify any such records that they intend to cite, Defendant-Intervenors shall confer with Federal Defendants, who may provide a version of any such Confidential Record with any confidential information redacted.

8.      Documents designated as Confidential Records, or the information contained or reflected therein, shall not be disclosed without the express consent of the producing Party or by specific order of the United States District Court for the District of Columbia, to any person other than the Court or the Parties to this action who are subject to and shall abide by this Protective Order. Except for the Court and its employees, all individuals to whom counsel for Plaintiffs disclose Confidential Records must sign a copy of the form attached hereto as Exhibit A, indicating that they have read and agree to abide by the terms of this Protective Order. Signed acknowledgement forms must be retained by counsel for Plaintiffs and must be available upon request to attorneys of record and the Court.  Counsel for Plaintiffs shall provide to Federal Defendants and Defendant-Intervenors a list of Parties, or other non-counsel individuals, to whom counsel for Plaintiffs disclose Confidential Records.

9.      The Parties have agreed to this process in an effort to narrow the scope of any

motions that may be filed regarding the submission of Confidential Records to the Court.  This Protective Order only governs Plaintiffs' review of Confidential Records and does not permit Plaintiffs or Defendant-Intervenors to rely on and/or file Confidential Records publicly with the Court in the context of merits briefing or otherwise use Confidential Records during the litigation. Use of such records, if necessary, will be governed by a separately filed motion or stipulation to file Confidential Records under seal.

10.    Within sixty days of final resolution of this litigation, any Party that has received a Confidential Record pursuant to this Order shall either return (to counsel for Federal Defendants) or destroy (with notice of such destruction given to counsel for Federal Defendants) any Confidential Records in their possession.  Counsel of record may elect to retain pleadings or work product that contain information from Confidential Records, in which case the terms of this Order will continue to apply to that information.

11.    The inadvertent or unintended disclosure of Confidential Records will not be deemed a waiver in whole or in part of the claim of confidentiality for the Confidential Records.

12.    This Protective Order in no way relieves any Party of its responsibility to comply with any federal, state, or local law or regulation. Nothing in this Protective Order alters the rights and/or liabilities of the Parties with respect to the litigation. Nothing contained herein restricts the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations, including removing the Confidential Records designation of all or part of the records subject to this order.

13.    Nothing in this Protective Order prohibits the Parties from seeking from the Court modification of this Protective Order upon proper notice and opportunity to be heard on such proposed modification. Nothing in this Protective Order deprives the Court of its jurisdiction or right to alter, amend, add to, or revoke this Protective Order at any time.

14.     By making information and documents designated as Confidential Records available for use in this action, the producing Party has not waived or compromised the confidentiality of the Confidential Records.

15.     The provisions of this Protective Order shall survive the termination of this action, except to the extent that Confidential Records or information contained or reflected therein become part of the public record in this case.

**[PROPOSED] ORDER**

SO ORDERED

Date:_____          _____

                                  United States District Judge